**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOHN BANDA, | : | |
| | : | **Hon. Noel L. Hillman** |
| Plaintiff, | : | |
| | : | Civil Action No. 08-5115 (NLH) |
| v. | : | |
| | : | |
| CAMDEN COUNTY BD. OF CHOSEN FREEHOLDERS, et al., | : | **OPINION** |
| | : | |
| Defendants. | : | |

**APPEARANCES**:

    JOHN BANDA, Plaintiff Pro Se
    Special Treatment Unit Annex
    P.O. Box 905
    Avenel, New Jersey  07001

**HILLMAN**, District Judge

Plaintiff John Banda, civilly committed to the Special Treatment Unit Annex as a sexually violent predator, seeks to file a Complaint and an Amended Complaint without prepayment of the filing fee, asserting violation of his constitutional rights pursuant to 42 U.S.C. § 1983.  As required by the preclusive Order filed by Judge Martini on November 1, 2007, see Banda v. Corzine, Civil No. 07-4508 (WJM) order (D.N.J. Nov. 1, 2007), Plaintiff submitted a certification seeking leave of Court to file this action.  Having thoroughly reviewed Plaintiff's submissions, the Court will grant leave to file the action, grant in forma pauperis status, dismiss the federal claims asserted in the Complaint and Amended Complaint, and decline to exercise supplemental jurisdiction over claims arising under New Jersey law.

**I.   BACKGROUND**

Plaintiff asserts violation of his constitutional rights by Camden County Board of Chosen Freeholders; Camden County Prosecutor's Office; Laurie Corson, former assistant prosecutor who represented the State in State v. Banda, Ind. No. 95-12-3040-A j. of conviction (N.J. Super., Law Div., Feb. 23, 1996); Thomas Fielding, Public Defender who represented Plaintiff in the aforesaid proceeding; Camden County Public Defender's Office; and Camden County Clerk's Office.  He asserts the following facts, which this Court is required to regard as true for the purposes of this review.  See Stevenson v. Carroll, 495 F. 3d 62, 66 (3d Cir. 2007).

Plaintiff asserts that assistant prosecutor Laurie Corson and other personnel in the Camden County Prosecutor's Office conspired with staff in the Camden County Clerk's Office to falsely state in the Presentence Report submitted to Superior Court Judge Norman Telsey in the aforesaid sentencing proceeding that Plaintiff was convicted of Sexual Assault on March 1, 1991, in Warren County, New Jersey.  Plaintiff alleges that Public Defender Fielding violated his rights by failing to bring this error to the attention of Judge Telsey, who relied in part on this false information in sentencing Plaintiff on February 23, 1996, for Interference With Custody of Committed Persons.  Plaintiff further asserts that the Freeholders failed to protect him from this error or to correct the false criminal history record.

Plaintiff alleges that, as a result of Plaintiff's post-conviction relief petition, on May 9, 2008, Superior Court Judge John T. McNeill filed an amended judgment of conviction which corrects the statement of reasons set forth in the judgment of conviction filed by Judge Telsey on February 23, 1996.  The amended judgment of conviction provides:

> The judgment of conviction dated 2-23-1996 is hereby amended to correct the statement of reasons attached to the judgment of conviction, which improperly stated on page two (2) that the Defendant had been convicted of a charge of "sexual assault and possession of a weapon" in 1991.  The proper charges listed should have been a 1991 conviction for "terroristic threats, criminal restraint and possession of a weapon for an unlawful purpose."  All other terms and conditions of the judgment of conviction, dated 2-23-1996, shall remain in full force and effect.

State v. Banda, Ind. No. 95-12-3040-A amended judgment of conviction (N.J. Super., Law Div., May 9, 2008).  For relief, Plaintiff seeks approximately $25 million in damages against each defendant.

## II.   STANDARD FOR SUA SPONTE DISMISSAL

The In Forma Pauperis statute requires the Court to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis, and to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B).

Rule 8(a) of the Federal Rules of Civil Procedure, however, requires that a complaint "must contain (1) a short and plain statement of the grounds of the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . ." Fed. R. Civ. P. 8(a).  Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required."  Fed. R. Civ. P. 8(d).

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).  As for dismissal for failure to state a claim, the United States Court of Appeals for the Third Circuit recently clarified the standard, in light of the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), as follows:

> Thus, under our reading, the notice pleading standard of Rule 8(a)(2) remains intact, and courts may generally state and apply the Rule 12(b)(6) standard, attentive to context and a[] showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.  It remains an acceptable statement of the standard, for example, that courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.
>
> \*                    \*                         \*

4

> The Supreme Court's <u>Twombly</u> formulation of the pleading standard can be summed up thus: stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element.  This does not impose a probability requirement at the pleading state, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element . . . .

<u>Phillips v. County of Allegheny</u>, 515 F. 3d 224, 233, 234-35 (3d Cir. 2008) (citations and internal quotation marks omitted); <u>see also</u> <u>Monroe v. Beard</u>, 536 F. 3d 198, 205 (3d Cir. 2008) ("To survive a motion to dismiss, a plaintiff must allege facts that raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).") (citations and internal quotation marks omitted).

The Court is mindful that the sufficiency of this <u>pro se</u> pleading must be construed liberally in favor of the plaintiff, even after <u>Twombly</u>.  See <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007).  A <u>pro se</u> prisoner plaintiff needs to allege only enough factual matter (taken as true) to suggest the required elements of the claim(s) asserted, <u>Twombly</u>, <u>supra</u>.; the Court need not, however, credit a <u>pro se</u> plaintiff's "legal conclusions." <u>Morse v. Lower Merion School Dist.</u>, 132 F. 3d 902, 906 (3d Cir. 1997).

### **III.  DISCUSSION**

Federal courts are courts of limited jurisdiction.  <u>See</u> <u>Mansfield, C. & L. M. Ry. Co. v. Swan</u>, 111 U.S. 379, 383 (1884).

5

"[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986). A district court may exercise original jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099,

1107 (3d Cir. 1989). This Court construes the Complaint as attempting to assert that defendants violated Plaintiff's Fourteenth Amendment right to Due Process of law by including false and inaccurate information about his criminal history in the presentence report which was used by the sentencing judge in Plaintiff's 1996 Camden County conviction for interference with custody of a committed person, and by failing to correct the inaccurate information.

A.  Due Process

The Due Process Clause of the Fourteenth Amendment of the Constitution of the United States provides: "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. IV. The Due Process Clause applies when government action deprives a person of liberty or property. See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979). In determining a due process claim, the first step is to consider whether the nature of the liberty or property interest is protected under the Fourteenth Amendment. See Fuentes v. Shevin, 407 U.S. 67 (1972). If so, the second step is to determine what process is due to protect the interest. See Morrissey v. Brewer, 408 U.S. 471 (1972).

A defendant has a due process right not to be sentenced on the basis of information that is materially false, and that right is protected by affording the defendant notice of and an opportunity to respond to information in a presentence report. See United

States v. Tucker, 404 U.S. 443 (1972); Townsend v. Burke, 334 U.S. 736, 741 (1948); Moore v. United States, 571 F. 2d 179 (3d Cir. 1978); Jackson v. Myers, 374 F. 2d 707 (3d Cir. 1967). However, a judge's discretion in sentencing is otherwise "largely unlimited either as to the kind of information he may consider, or the source from which it may come." United States v. Tucker, 404 U.S. at 446; see also United States v. Booker, 543 U.S. 220, 233 (2005) ("We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range . . . . For when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant"); Williams v. New York, 337 U.S. 241, 250-51 (1949) (sentencing courts' "age-old practice of seeking information from out-of-court sources to guide their judgment toward a more enlightened and just sentence" does not violate due process).

Plaintiff in this case does not contend that he had no opportunity to contest the inaccurate criminal history in the Presentence Report prior to sentencing in 1996. The sentencing transcript (attached to Plaintiff's Amended Complaint) shows that, prior to sentencing Plaintiff on February 16, 1996, Judge Telsey referred to Plaintiff's criminal record in the Presentence Report, and asked Plaintiff in open court if there was anything else Plaintiff would like to say before sentence was imposed; Plaintiff replied, "I really don't know what to say, sir." Moreover,

8

although the statement of reasons attached to the original sentence included the inaccurate sexual assault conviction as part of Plaintiff's criminal history record, the 2008 amended judgment of conviction demonstrates that this error had no effect on the sentence imposed.

Plaintiff nevertheless maintains that, as a result of the inaccurate conviction for sexual assault in the Presentence Report, the sentencing transcript and the statement of reasons attached to the 1996 judgment, he was incorrectly labeled as a convicted sex offender for 13 years, and "the State wrongfully took the matter further in having Me (This Pro Se Petitioner) Civilly Committed under the New Jersey Sexually Violent Predator Act."  (Letter from Plaintiff to Hon. John T. McNeill, III, attached to Compl. as docket entry #2, p. 11.)  But "the mere presence of . . . inaccurate information in a PSR does not constitute a denial of due process."  Hili v. Sciarrotta, 140 F. 3d 210, 216 (2nd Cir. 1998). And to the extent that Plaintiff contends that he was unconstitutionally civilly committed as a result of the inaccurate criminal history record, the claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994), because a favorable outcome would necessarily imply the invalidity of his confinement as a sexually violent predator.  See Banda v. Brown, Civil No. 07-0869 (KSH) slip op. at 5 (D.N.J. May 31, 2007) (Banda's claim for damages for wrongful civil commitment as a sexually violent predator because he was never convicted of a predicate sexual offense is barred by Heck);

Banda v. McGreevey, Civil No. 06-0093 (PGS) slip op. (D.N.J. Sept. 19, 2006) (same); Banda v. N.J. Dep't of Mental Health Services, Civil No. 05-2622 slip op. (D.N.J. Aug. 31, 2005), appeal dismissed as frivolous, 160 Fed. Appx. 270 (3d Cir. Jan. 4, 2006) (same); Banda v. N.J. Special Treatment Unit, Civil No. 05-2078 (WJM) order (D.N.J. Sept. 8, 2005), appeal dismissed as frivolous, 164 Fed. Appx. 286 (3d Cir. Feb. 3, 2006); Banda v. State of New Jersey, Civil No. 04-5632 slip op. (D.N.J. Dec. 17, 2004), appeal dismissed as frivolous, 134 Fed. Appx. 529 (3d Cir. June 7, 2005).  Under these circumstances, the federal claims raised in the Complaint will be dismissed for failure to state a claim upon which relief may be granted, without prejudice to the filing of a § 1983 action in the event that Plaintiff is ultimately successful in invalidating his civil commitment on this ground.

B.  Supplemental Jurisdiction

"Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 387 (1998) (citation and internal quotation marks omitted).  Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it

has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); Growth Horizons, Inc. v. Delaware County, Pennsylvania, 983 F.2d 1277, 1284-1285 (3d Cir. 1993).  In exercising its discretion, "the district court should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants.'"  Growth Horizons, Inc., 983 F.2d at 1284 (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)).  Where the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims.  See United Mine Workers v. Gibbs, 383 U.S. at 726; Growth Horizons, Inc., 983 F.2d at 1284-1285.

In this case, the Court is dismissing every claim over which it had original subject matter jurisdiction at an early stage in the litigation, and declines to exercise supplemental jurisdiction over any claims Plaintiff may have that arise under New Jersey law.

## IV.  CONCLUSION

The Court will grant Plaintiff's request for permission to bring this action, grant his application to proceed in forma pauperis, dismiss the federal claims asserted in the Complaint and Amended Complaint, and decline to exercise supplemental jurisdiction over claims arising under state law.

                         s/Noel L. Hillman
                         **NOEL L. HILLMAN, U.S.D.J.**

Dated:   November 18 , 2008

At Camden, New Jersey