UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN BANDA, : | **Hon. Noel L. Hillman** |
| : | |
| Plaintiff, : | Civil No. 08-5115 (NLH) |
| : | |
| v. : | |
| : | **MEMORANDUM OPINION** |
| CAMDEN COUNTY BD. OF CHOSEN : | |
| FREEHOLDERS, et al., : | |
| : | |
| Defendants. : | |

It appearing that:

1. Plaintiff John Banda, civilly committed to the Special Treatment Unit Annex as a sexually violent predator, filed a Complaint and two Amended Complaints without prepayment of the filing fee, asserting violation of his constitutional rights pursuant to 42 U.S.C. § 1983.

2. Plaintiff asserted in the Complaint, as amended, that personnel in the Camden County Prosecutor's Office conspired with staff in the Camden County Clerk's Office to falsely state in the Presentence Report submitted to Superior Court Judge Norman Telsey in State v. Banda, Ind. No. 95-12-3040-A j. of conviction (N.J. Super., Law Div., Feb. 23, 1996), that Plaintiff's criminal history contained a conviction for Sexual Assault on March 1, 1991, in Warren County, New Jersey. Plaintiff alleges that the Public Defender who represented Plaintiff in the proceeding before Judge Telsey violated his rights by failing to bring this error to the attention of Judge Telsey, who relied in part on

this false information in sentencing Plaintiff on February 23, 1996, for Interference With Custody of Committed Persons. Plaintiff further alleged that, as a result a post-conviction relief petition, on May 9, 2008, Superior Court Judge John T. McNeill filed an amended judgment of conviction which corrects the statement of reasons set forth in the judgment of conviction filed by Judge Telsey on February 23, 1996.  The amended judgment of conviction provides:

> The judgment of conviction dated 2-23-1996 is hereby amended to correct the statement of reasons attached to the judgment of conviction, which improperly stated on page two (2) that the Defendant had been convicted of a charge of "sexual assault and possession of a weapon" in 1991.  The proper charges listed should have been a 1991 conviction for "terroristic threats, criminal restraint and possession of a weapon for an unlawful purpose."  All other terms and conditions of the judgment of conviction, dated 2-23-1996, shall remain in full force and effect.

State v. Banda, Ind. No. 95-12-3040-A amended judgment of conviction (N.J. Super., Law Div., May 9, 2008).

    3.  The Court construed the Complaint, as amended, as attempting to assert that defendants violated his due process rights by including false information in his presentence report and failing to correct the information.  By Order and Opinion entered November 19, 2009, this Court dismissed the federal claims raised in the Complaint, as amended, and declined to exercise supplemental jurisdiction.  This Court held that "the

2

mere presence of . . . inaccurate information in a PSR does not constitute a denial of due process." Hili v. Sciarrotta, 140 F. 3d 210, 216 (2nd Cir. 1998).  This Court further ruled that, to the extent that Plaintiff argued that he was unconstitutionally civilly committed as a result of the inaccurate criminal history record, the claim was barred by Heck v. Humphrey, 512 U.S. 477 (1994), because a favorable outcome would necessarily imply the invalidity of his confinement as a sexually violent predator. See Banda v. Brown, Civil No. 07-0869 (KSH) slip op. at 5 (D.N.J. May 31, 2007) (Banda's claim for damages for wrongful civil commitment as a sexually violent predator because he was never convicted of a predicate sexual offense is barred by Heck v. Humphrey, 512 U.S. 477 (1994); Banda v. McGreevey, Civil No. 06-0093 (PGS) slip op. (D.N.J. Sept. 19, 2006) (same); Banda v. N.J. Dep't of Mental Health Services, Civil No. 05-2622 slip op. (D.N.J. Aug. 31, 2005), appeal dismissed as frivolous, 160 Fed. Appx. 270 (3d Cir. Jan. 4, 2006) (same); Banda v. N.J. Special Treatment Unit, Civil No. 05-2078 (WJM) order (D.N.J. Sept. 8, 2005), appeal dismissed as frivolous, 164 Fed. Appx. 286 (3d Cir. Feb. 3, 2006); Banda v. State of New Jersey, Civil No. 04-5632 slip op. (D.N.J. Dec. 17, 2004), appeal dismissed as frivolous, 134 Fed. Appx. 529 (3d Cir. June 7, 2005).

    4.  A motion for reconsideration under Local Civil Rule 7.1(i) may be granted:  (1) to correct manifest errors of law or

fact upon which the judgment was based; (2) to present newly-discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) an intervening change in prevailing law.  See 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995); see also North River Ins. Co. v. CIGNA Reinsurance Co., 52 F. 3d 1194, 1218 (3d Cir. 1995); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986) (purpose of motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence).  However, mere disagreement with the district court's decision is inappropriate on a motion for reconsideration, and should be raised through the appellate process.  See Assisted Living Associates of Moorestown, L.L.C., v. Moorestown Tp, 996 F. Supp. 409, 442 (D.N.J. 1998) (citing Bermingham v. Sony Corp. of America, Inc., 820 F. Supp. 834, 859 n.8 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994); G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990)).

    5.  Plaintiff contends that this Court should reconsider dismissal of the Complaint, as amended, because this Court overlooked facts stating a claim under the Privacy Act, 5 U.S.C. § 552a(g)(4).

    6.  This Court will grant the motion for reconsideration and consider whether the Amended Complaint states a claim under the Privacy Act.

4

7. The Privacy Act governs the record-keeping functions of agencies. The definition of "agency" under the Privacy Act, see 5 U.S.C. § 552a(a)(1), incorporates the definition of "agency" under the Freedom of Information Act, see 5 U.S.C. § 552(f)(1), which incorporates the definition under the Administrative Procedure Act, see 5 U.S.C. § 551(1). Thus, under the Privacy Act, "'agency' means each authority of the Government of the United States, whether or not it is within or subject to review by another agency," 5 U.S.C. § 551(1), and "includes any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency." 5 U.S.C. § 552(f)(1).

8. Neither state agencies nor local governing bodies are subject to the Privacy Act. See Polchowski v. Gorris, 714 F. 2d 749, 752 (7th Cir. 1983) (because the Privacy Act only applies to agencies of the United States government, state and local agencies and governing bodies are not subject to the Act); see also Schmitt v. City of Detroit, 395 F. 3d 327, 329 (6th Cir. 2005) (same); Dittman v. California, 191 F. 3d 1020, 1029 (9th Cir. 1999) (same).

9. Because Plaintiff asserts violation of the Privacy Act by state and local agencies and governing bodies, which are not

subject to the Privacy Act, Plaintiff's Complaint, as amended, fails to state a claim under the Privacy Act.  This Court will again dismiss the federal claims asserted by Plaintiff in the Complaint, as amended, and decline to exercise supplemental jurisdiction over claims arising under New Jersey law.

    10.  An appropriate Order accompanies this Memorandum Opinion.

                               s/ Noel L. Hillman
                            **NOEL L. HILLMAN, U.S.D.J.**

Dated: May 29, 2009

At Camden, New Jersey